IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BONNIE DESCHLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:25-cv-1087-STA-jay |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 7) that the Court dismiss Plaintiff Bonnie Deschler's Pro Se Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has filed timely objections to the report and recommendation. For the reasons set forth below, the Court **ADOPTS** the report and **DISMISSES** Plaintiff's Pro Se Complaint *sua sponte*. The Court will, however, grant Plaintiff leave to amend her pleading.

BACKGROUND

Plaintiff filed her Pro Se Complaint on March 28, 2025. Plaintiff used the official form for complaints for the violation of civil rights under 42 U.S.C. § 1983. Plaintiff alleges that on August 16, 2023, "an FBI SWAT team out of Jackson, TN vandalized/destroyed [her] house with tear gas canisters, flash bang grenades, and bullets from their rifles." Plaintiff also alleges that the unnamed officials "murdered my disabled unarmed son." *Id.* at 4, § III (PageID 4). According to the Pro Se Complaint, the law enforcement officials violated 18 U.S.C. § 242 and Plaintiff's rights under the

1

Fourth Amendment. Plaintiff seeks compensatory damages for property loss, the wrongful death of her son, emotional distress, loss of enjoyment of life, pain and suffering, and loss of consortium and punitive damages.

The United States District Court for the Western District of Tennessee has adopted Administrative Order 2013-05, referring all cases filed by non-prisoner plaintiffs acting *pro se* to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge granted Plaintiff's motion for leave to proceed *in forma pauperis*. Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct a screening of her Pro Se Complaint. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (holding that non-prisoners proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)). Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a case brought by a plaintiff acting *in forma pauperis* "at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, the Magistrate Judge's report and recommendation constitutes the Court's screening decision.

The Magistrate Judge concluded that the Court should dismiss the Pro Se Complaint. First and foremost, Plaintiff seeks monetary relief against a defendant immune from suit. The doctrine of sovereign immunity shields the United States of America and its agencies like the FBI from a suit for money damages. The Federal Tort Claims Act ("FTCA") waives sovereign immunity for tort actions involving the conduct of the United States, its agencies, and its employees acting within the scope of their employment. *See* 28 U.S.C. § 2679. The United States of America is the only proper defendant in an FTCA action alleging negligence by a federal employee. *Mynatt v. United*

*States*, 45 F.4th 889, 894 n.1 (6th Cir. 2022) (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) and 28 U.S.C. § 2679(a)). Because the Pro Se Complaint is directed at a federal agency (the FBI) and not the United States of America, the Magistrate Judge has recommended that the Court dismiss the Pro Se Complaint for lack of subject matter jurisdiction. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998) (dismissing defendant United States Coast Guard as a party for lack of jurisdiction).

Even if the Court construed the Pro Se Complaint as an action brought pursuant to *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971), Plaintiff has failed to state such a claim. As the Magistrate Judge correctly notes, any *Bivens* cause of action Plaintiff may have would lie only against an individual government official, not the agency which employs the individual. To the extent Plaintiff alleges 18 U.S.C. § 242 as a basis for her claim, Plaintiff lacks standing to bring such a claim. The United States Criminal Code makes it an offense against the laws of the United States for a person to deprive another of his constitutional rights under color of law. However, only a United States Attorney has the authority to bring such a charge. As a criminal statute, § 242 does not give Plaintiff the right to bring her own private action for a violation of the law.

The Magistrate Judge considered the possibility of permitting Plaintiff to amend the Pro Se Complaint. The Magistrate Judge recommended the dismissal of any *Bivens* claim as barred by the statute of limitations. And because there is no indication from the Pro Se Complaint that Plaintiff exhausted her administrative remedies on an FTCA claim, the Court should dismiss that claim without prejudice.

Plaintiff has filed a response (ECF No. 8) to the Magistrate Judge's report and recommendation, raising three specific objections. First, Plaintiff states that she filed a form SF95 with the FBI on August 10, 2024. According to Plaintiff, the Office of General Counsel denied

3

her claim on October 29, 2024. Plaintiff suggests by implication then that she has exhausted her administrative remedies on any potential FTCA claim. Second, Plaintiff states that she did not file a *Bivens* action because the FBI will not release the names of the individual officers involved in the raid on her home. Finally, Plaintiff argues that 18 U.S.C. § 242 "was supposed to protect" her and her son and that the officers should be "held accountable."

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Otherwise, the district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v.*

4

*Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## **ANALYSIS**

Plaintiff has failed to object to the primary holding recommended by the Magistrate Judge that the FBI is immune from a suit for monetary relief under any cause of action except an FTCA claim. In the absence of an objection on this point, the Court hereby **ADOPTS** the report and recommendation and holds that the Pro Se Complaint seeks monetary relief from a party which is immune from suit. The Pro Se Complaint against the FBI must be dismissed for this reason alone.

The Court finds that Plaintiff's objections to the Magistrate Judge's report and recommendation are largely without merit. While Plaintiff invokes 18 U.S.C. § 242 in her objections, there is no dispute Plaintiff lacks standing to bring a claim under § 242, a provision of the United States Criminal Code. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). So inasmuch as Plaintiff alleges violations

5

of 18 U.S.C. § 242 as a basis of liability against the FBI, a criminal statute does not provide a private right of action. *See Djonovic v. Septer*, No. 24-1284, 2025 WL 1005122, at *2 (6th Cir. Mar. 6, 2025) (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that the plaintiff "has no private right of action" under either 18 U.S.C. §§ 241 or 242)).

Next, with respect to her possible *Bivens* claim, Plaintiff states that the FBI has declined to release the names of the law enforcement officers involved in the raid at her home. Be that as it may, Plaintiff has not addressed the Magistrate Judge's recommendation to dismiss any putative *Bivens* claim as barred by the statute of limitations. In the absence of a specific objection to show why the statute of limitations would not bar any *Bivens* claim Plaintiff could allege, Plaintiff has not shown why the Court should reject this part of the report. Therefore, the Court adopts the Magistrate Judge's reasoning about the statute of limitations on a *Bivens* claim.

This just leaves the information provided for the first time in Plaintiff's objections about the exhaustion of her administrative remedies on an FTCA claim. Plaintiff states that she submitted an SF95 form to the FBI regarding her claims. "Before filing suit under the FTCA, a claimant must first present that claim to the relevant agency." *Abbott v. United States*, 78 F.4th 887, 896–97 (6th Cir. 2023). The FTCA, 28 U.S.C. § 2675(a), provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The FTCA's exhaustion requirement is "not a particularly high bar." *Abbott*, 78 F.4th at 896. While "the SF95 is not itself required to initiate an FTCA claim," a claimant satisfies the FTCA's exhaustion requirement "[i]f the claimant completes the SF95." *Copen v.*

6

*United States*, 3 F.4th 875, 883–84 (6th Cir. 2021) (citation omitted).

Here, the Magistrate Judge has recommended that the Court dismiss without prejudice any FTCA claim Plaintiff may have alleged in her Pro Se Complaint due to the fact that Plaintiff gave no indication she had exhausted her FTCA claim. Now, as part of her objections to the report and recommendation, Plaintiff has asserted that she filed an SF95 with the FBI and received a determination letter prior to filing her federal lawsuit. Instead of dismissing Plaintiff's case, the Court finds good cause to allow her to file an amended complaint. "[G]enerally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brown*, 415 F. App'x at 614 (cleaned up). Dismissal with leave to amend is particularly preferable "where deficiencies in a complaint are attributable to oversights likely the result of an untutored *pro se* litigant's ignorance of special pleading requirements[.]" *Id*. at 614–15 (quoting *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)).

The Court will permit Plaintiff to file an amended complaint stating her FTCA claim against the United States of America. Plaintiff's amended complaint may not re-plead any of the other claims the Court has dismissed, including a *Bivens* claim or a claim for violation of 18 U.S.C. § 242 or any other federal criminal statute. Furthermore, Plaintiff's amended complaint should name the correct party, the United States of America, as the Defendant on her FTCA claim, not an agency or department of the federal government. Plaintiff should attach to her amended complaint a copy of her completed SF95 and/or a copy of the determination letter she received from the Office of General Counsel.

## **CONCLUSION**

The Court hereby **ADOPTS** the Magistrate Judge's report and recommendation to dismiss

the Pro Se Complaint *sua sponte*. The Court will grant Plaintiff leave to file an amended complaint. Plaintiff's amended complaint is due within <u>28 days</u> of the entry of this order. Failure to comply may result in the dismissal of her case without further notice.

    **IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date:  May 21, 2025.