**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **BONNIE DESCHLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:25-cv-1087-STA-jay** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**
**ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 18) that the Court grant Defendant United States of America's Motion to Dismiss and dismiss Plaintiff Bonnie Deschler's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff has filed timely objections to the report and recommendation, and the government has responded to Plaintiff's objections. For the reasons set forth below, the Court **ADOPTS** the report and **GRANTS** the government's Motion to Dismiss the Amended Complaint. However, the Court will permit Plaintiff to file a Second Amended Complaint.

## <u>BACKGROUND</u>

Plaintiff filed her initial Pro Se Complaint on March 28, 2025. Plaintiff used the official form for complaints for the violation of civil rights under 42 U.S.C. § 1983. The pleading alleged that on August 16, 2023, "an FBI SWAT team out of Jackson, TN vandalized/destroyed [her] house with tear gas canisters, flash bang grenades, and bullets from their rifles." Pro Se Compl. 4, § III (PageID 4). Plaintiff also alleged that unnamed officials "murdered my disabled unarmed

son." *Id*. According to the initial Pro Se Complaint, the law enforcement officials violated 18 U.S.C. § 242 and Plaintiff's rights under the Fourth Amendment. Plaintiff sought compensatory damages for property loss, the wrongful death of her son, emotional distress, loss of enjoyment of life, pain and suffering, and loss of consortium and punitive damages. The only defendant named in the Pro Se Complaint was the Federal Bureau of Investigation.

The Magistrate Judge screened the initial Pro Se Complaint and filed a report and recommendation (ECF No. 7) to dismiss the pleading *sua sponte* for lack of subject-matter jurisdiction and the failure to state a claim. Plaintiff filed timely objections to the recommendation. After considering Plaintiff's objections, the Court entered an order adopting the report and recommendation on May 21, 2025 (ECF No. 9) and dismissed the initial Pro Se Complaint on three grounds. First, the Court held the FBI was immune from suit for monetary damages under any claim except the Federal Tort Claims Act ("FTCA"). Second, Plaintiff could not invoke a section of the United States Criminal Code as support for her civil action. Third, the Court held that any cause of action brought pursuant to *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) would only lie against individual federal officers and that the statute of limitations had run on such a claim.

The Court nevertheless granted Plaintiff leave to amend her pleading. The Magistrate Judge had recommended that the Court dismiss Plaintiff's FTCA claim without prejudice because Plaintiff had not shown she had pursued administrative exhaustion on the claim. As part of her objections to the report, Plaintiff indicated for the first time that she had submitted an SF95 form to the FBI regarding her claims. The Court held that Plaintiff's act of filing an SF95 properly exhausted her FTCA claim. The Court therefore granted Plaintiff leave to amend her pleading to state the FTCA claim against the correct defendant—the United States of America—in lieu of

dismissing her case without prejudice. The Court also prohibited Plaintiff from re-pleading any of the other claims the Court had dismissed, including a *Bivens* claim or a claim for violation of 18 U.S.C. § 242 or any other federal criminal statute. The Court instructed Plaintiff to attach to her amended complaint a copy of her completed SF95 and/or a copy of the determination letter she received from the Office of General Counsel.

Plaintiff's Amended Complaint (ECF No. 10) followed. Plaintiff's filing did not so much amend her pleadings as provide supplemental information about her case. The Amended Complaint did substitute the United States of America as the Defendant in the action. Plaintiff alleges that the government violated both her and her son's constitutional rights under the Fourteenth Amendment in violation of 42 U.S.C. § 1983. The unnamed agents' use of excessive force and "unnecessary actions" amount to "official misconduct." Am. Compl. 1. Plaintiff attached to the Amended Complaint the following exhibits: her SF95 Claim for Damage, Injury or Death (ECF. 10-1), a letter from the U.S. Department of Justice dated October 16, 2024 (ECF No. 10-2), a letter from the FBI's Office of General Counsel dated October 29, 2024 (ECF No. 10-3), and a declination letter from a law firm which Plaintiff had asked to represent her (ECF No. 10-4).

The government has now filed a Motion to Dismiss the Amended Complaint, and the Magistrate Judge has recommended that the Court grant the Motion. The Magistrate Judge reasoned that Plaintiff had failed to state her claim for the wrongful death of her son as a violation of the FTCA. Without identifying the officers involved in the incident or what specific action any individual officer took, Plaintiff had not stated a plausible claim for relief. The Magistrate Judge further recommended that granting Plaintiff leave to amend her pleading would be futile. Plaintiff previously stated to the Court that the FBI had not disclosed the names of the SWAT team members. Plaintiff therefore had not shown how she could cure the defect in her pleadings.

Therefore, the Magistrate Judge concluded that Plaintiff's FTCA claim for the wrongful death of her son should be dismissed with prejudice.

Next, the Magistrate Judge determined that Plaintiff had not shown she had exhausted her claim for property damage and the claim was now barred by the statute of limitations. Her SF95 left the section for a property damage claim blank and affirmatively stated that she was not bringing a claim for property damage. Granting Plaintiff an opportunity to exhaust the claim and amend her pleading would be futile because more than two years have passed since the incident of property damage occurred. The Magistrate Judge recommended that the Court dismiss the claim for failure to exhaust and do so with prejudice.

Finally, the Magistrate Judge concluded that the Court lacked subject-matter jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983, including her allegation that the government had violated the Fourteenth Amendment rights of Plaintiff and her son. The doctrine of sovereign immunity bars Plaintiff's claims under § 1983 against the federal government and its officials. The Court should therefore dismiss the § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, the Court should dismiss the § 1983 claims pursuant to Rule 12(b)(6) for failure to state a claim because no such cause of action is available against the United States and its officials. For all of these reasons, the Magistrate Judge has recommended that the Court dismiss Plaintiff's Amended Complaint with prejudice.

Plaintiff has filed timely objections to the Magistrate Judge's report and recommendation. As part of a paragraph addressed to the failure to state a claim or a lack of subject-matter jurisdiction, Plaintiff actually offers more factual allegations about the events that form the basis for her case. According to Plaintiff, on August 16, 2023, "an FBI SWAT team was at my home to serve an arrest warrant (allegedly), not destroy (vandalize) my house and murder my disabled,

unarmed son (Theodore)." Pl.'s Objs. to Rep. & Recommendation 1 (ECF No. 19). Plaintiff claims the actions of the unnamed FBI SWAT team members were "premeditated." *Id*. Plaintiff adds that the FBI SWAT team members were not wearing body cams, a violation of Justice Department policy since 2021, which somehow prevented local law enforcement from receiving notification of the episode until after it was over. *Id*.

As for her claims for relief, Plaintiff argues that she did in fact file an administrative claim for property damage, which the FBI's Nashville division office denied on August 1, 2024. Plaintiff has attached a copy of a letter from the FBI dated November 11, 2024 to her objections (ECF No. 19-1). The letter, which bares the letterhead of the FBI's Nashville field office, addresses Plaintiff's claim for property damage at 796 Sanford Street in Henderson, Tennessee. The letter states the FBI's determination that Plaintiff's own actions on "August 16, 2023 led to or exacerbated the necessity for the damages caused." The FBI therefore denied Plaintiff's claim for property damage.

Plaintiff goes on to argue that sovereign immunity does not protect the individual officers for their premeditated actions. Plaintiff denies that her son was a threat to the officers or that he was armed. And yet the officers used "multiple tear gas canisters, flash bang grenades, and many rounds of bullets from their rifles." The officers failed to render any medical aid to Plaintiff's son, even though they knew he was wounded during the assault on the house. Plaintiff also identifies two of the officers as Special Agent Aubrey Richardson and Special Agent Charles Townsend, though Plaintiff adds "[t]here is no specific agent involved, they are all at fault." The officers' collective actions resulted in the unjustified killing of her son and caused Plaintiff's garage to catch fire and other damage to her home. Plaintiff asks the Court to reject the report and recommendation.

The United States has filed a response to Plaintiff's objections. The government first argues that the Court should reject any general objection lodged by Plaintiff and treat her non-specific objections as a failure to object to the report and recommendation. To the extent Plaintiff addressed any specific recommendations, the Court should overrule them.

Concerning Plaintiff's claim for property damage, Plaintiff has not shown that she exhausted the claim. In response to the report and recommendation, Plaintiff has shown she may have, in fact, filed a property damage claim under 31 U.S.C. § 3724. However, Plaintiff has not shown that she presented an FTCA claim under 28 U.S.C. § 2675(a). The government cites authority for the proposition that the denial of a Title 31 claim for property damage is not subject to judicial review. The Magistrate Judge therefore correctly determined Plaintiff had not exhausted an FTCA claim for property damage.

As for the merits of her wrongful death claim, the government argues that Plaintiff cannot allege new facts or information in her objections to save an otherwise defective pleading. The fact that Plaintiff names two members of the FBI SWAT team who were involved in the events that resulted in the damage to her property and the wrongful death of her son does not save her Amended Complaint from dismissal. Plaintiff specifically denies that any single member of the team used excessive force and claims instead that all were at fault. The government argues that this is not enough to state her claim against the government. Therefore, the United States asks the Court to reject Plaintiff's objections, adopt the Magistrate Judge's report, and the dismiss the case with prejudice.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*,

237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee has adopted Administrative Order 2013-05, referring all cases filed by non-prisoner plaintiffs acting *pro se* to a United States Magistrate Judge for management of all pretrial matters. In this case, the Magistrate Judge has issued a report and recommendation that the Court grant the government's Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Otherwise, the district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th

Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## ANALYSIS

The Court finds that Plaintiff's objections to the Magistrate Judge's report and recommendation are without merit. As an initial matter, Plaintiff has failed to make any objection to the Magistrate Judge's conclusion that her Amended Complaint fails to state a § 1983 claim against the United States or its officers. As the Magistrate Judge stated in his report, the government retains sovereign immunity for any suit under § 1983 against the United States or one of its agencies. In the absence of a specific objection on that point, the Court **ADOPTS** that portion of the report and recommendation. The government's Motion to Dismiss is **GRANTED** as to Plaintiff's § 1983 claim.

Plaintiff did lodge specific objections to the dismissal of her FTCA claims for the wrongful death of her son. Plaintiff restates some of the same fact allegations from her Amended Complaint and her response to the government's Motion to Dismiss. Plaintiff's objections, though, go further and allege, for example, that the SWAT team members were attempting to serve an arrest warrant and used deadly force during the siege that resulted in her son's death. Perhaps more important,

Plaintiff names for the first time two members of the FBI SWAT team involved in the deadly shooting, though she adds "[t]here is no specific agent involved, they are all at fault." Pl.'s Objs. 2 (ECF No. 19).

To the extent that Plaintiff has alleged new facts to support her wrongful death claim, adding new allegations as part of her objections to the Magistrate Judge's report and recommendation is not the correct way to raise these points. An objecting party cannot make new arguments or introduce new evidence in objections that it did not present in the first instance to the Magistrate Judge, unless the party has a compelling reason for failing to raise the information before. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Plaintiff cannot survive the government's Motion to Dismiss by alleging new information about the wrongful death of her son in her objections to the Magistrate Judge's report and recommendation.

And Plaintiff clearly had the opportunity to present this information to the Magistrate Judge in the first instance. The government argued in its Motion to Dismiss that without identifying any individual SWAT team member or alleging what actions they took to injure Plaintiff's son, Plaintiff had failed to allege a plausible wrongful death claim. Plaintiff did not respond to the Motion at first. When Plaintiff did not make a timely response to the Motion, the Magistrate Judge ordered her to show why the Motion should not be granted. Order to Show Cause, Mar. 4, 2026 (ECF No. 15). Two weeks later, Plaintiff filed a short response, which included her recitation of the facts.

Plaintiff did not, however, address the government's argument that her pleadings failed to state a wrongful death claim without naming any of the individual SWAT team members or alleging what acts they committed to cause the death of her son. Plaintiff waited until she filed her objections to offer the names of two members of the SWAT team, though without explaining why

she could not or did not provide this information to the Magistrate Judge in the first place. Under the circumstances, the Court declines to consider the new information now.

Other than naming two of the individual members of the SWAT team, Plaintiff has not addressed the Magistrate Judge's proposed dismissal of the wrongful death claim. Because Plaintiff's objection fails to show why the Court should not grant the Motion to Dismiss on this point, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** the government's Motion to Dismiss Plaintiff's FTCA claim for the wrongful death of her son. The Court's dismissal of the claim is without prejudice to Plaintiff's right to bring the claim in a Second Amended Complaint, which the Court will address further at the conclusion of this order.

Plaintiff has also made specific objections to the Magistrate Judge's recommendation to dismiss Plaintiff's FTCA claim for property damage, though Plaintiff does not contest the Magistrate Judge's conclusion that her SF95 did not present a claim for property damage. The Magistrate Judge found that Plaintiff's SF95 did not assert any claim for property damage, meaning Plaintiff did not properly present the claim to the relevant government agency before filing her FTCA suit.

The Federal Tort Claims Act creates a private right of action for a person to file a tort claim by (1) providing written notice of the claim "sufficient to enable the agency to investigate the claim" and (2) stating a dollar value (or "sum certain") on the claim. *Glarner v. U.S. Dept. of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994) (citing *Sellers v. United States,* 870 F.2d 1098, 1101 (6th Cir. 1989), and 28 U.S.C. § 2675); *see also* 28 C.F.R. § 14.2(a). The Sixth Circuit has referred to the FTCA's first requirement as the "presentment requirement." *Abbott v. United States*, 78 F.4th 887, 896 (6th Cir. 2023). The Court of Appeals has remarked that the presentment

requirement is "not a particularly high bar" and is met with "only minimal notice." *Id.* (citing *Knapp v. United States*, 844 F.2d 376, 379 (6th Cir. 1988)).

Claimants typically satisfy the FTCA's written notice requirement by filing an SF95. *Glarner*, 30 F.3d at 699. In this instance, Plaintiff filed a timely SF95 but specifically denied that she was making a claim for property damage. The government argues in its Motion to Dismiss that Plaintiff therefore did not meet the FTCA's presentment requirement to recover for property damages. But in her objections to the Magistrate Judge's report and recommendations, Plaintiff asserts that she filed a claim with the FBI related to her property damage. Plaintiff has attached to her objections a letter (ECF No. 19-1) addressed to Plaintiff by the FBI's Nashville field office dated November 11, 2024. The FBI denied a claim for property damages made by Plaintiff in August 2024 for the damage to her home in August 2023.

As the FBI's denial letter indicates, Plaintiff followed an administrative process for the recovery of property damage provided in 31 U.S.C. § 3724. Congress has given the Attorney General the authority to settle certain claims for monetary damages, including a claim of "not more than $50,000 in any one case . . . for personal injury, death, or damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer . . . who is employed by the Department of Justice acting within the scope of employment . . . ." *Cain v. Rinehart*, No. 22-1893, 2023 WL 6439438, at *4 (6th Cir. July 25, 2023) (quoting 31 U.S.C. § 3724(a)).

The government argues that Plaintiff cannot obtain judicial review of the FBI's denial of her administrative claim. True, most courts to have considered the question have held that § 3724 does not provide a means of judicial review, meaning the administrative remedy is final. *See United States v. Norwood*, 602 F. 3d 830, 836 (7th Cir. 2010) ("We note the absence of judicial review of the Attorney General's decision on whether or on what terms to settle a claim [under 31

U.S.C. § 3724(b)] . . . In other words, victims of torts by federal law enforcement agents are remitted to an administrative remedy that is final."). The government argues in its response to Plaintiff's objections that Plaintiff obtained a final, non-reviewable administrative decision on her a claim pursuant to 31 U.S.C. § 3724.

That does not necessarily mean, though, Plaintiff cannot meet the FTCA's presentment requirement for her property damage claim. "If the claimant completes the SF95, he will satisfy [the presentment requirement], though that particular form is not necessary for doing so." *Glarner*, 30 F.3d at 700. "A claim submitted to the proper administrative agency is considered sufficient to satisfy the [presentment] requirement if it is a 'written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death.'" *Abbott*, 78 F.4th at 897 (quoting *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002)).

The Court finds it unnecessary to decide whether Plaintiff's Title 31 claim satisfied the FTCA's presentment requirement. Plaintiff has not made her Title 31 claim part of the record. As a result, the Court cannot determine what claim Plaintiff presented to the FBI or whether she sought a sum certain as part of her Title 31 claim. The requirement of a sum certain, "while technical, is a prerequisite for filing a FTCA claim in this circuit." *Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021) (collecting cases). Although Plaintiff's original Complaint sought an award of $22,000.00 to compensate her for property damage, Plaintiff has not alleged that she made a demand for that amount to the FBI as part of her administrative claim.[1] And without a copy of Plaintiff's Title 31 claim for property damage, the Court has no way to determine whether Plaintiff

[1] By contrast, Plaintiff's SF95 demanded an award of $10 million for the wrongful death of her son. Plaintiff's Pro Se Complaint requests $9,978,000 in damages for wrongful death, emotional distress, the loss of enjoyment of life, pain and suffering, and loss of consortium.

met the "sum certain" prerequisites for filing an FTCA suit. Therefore, the government's Motion to Dismiss is **GRANTED** as to this issue.

Rather than dismiss the entire civil action due to Plaintiff's failure to plead the essential elements of her FTCA claims, the Court will give Plaintiff one more opportunity to correct critical omissions in her pleadings. The Court will therefore permit Plaintiff to file a Second Amended Complaint. Plaintiff's Second Amended Complaint may not re-plead any claim the Court has already dismissed, including a claim pursuant to 42 U.S.C. § 1983, a *Bivens* claim, or a claim for violation of 18 U.S.C. § 242 or any other federal criminal statute. Plaintiff is cautioned that her new pleading must contain all of the facts supporting her lawsuit, including the names of any individual members of the FBI SWAT team involved in the events giving rise to her claims. Plaintiff should also file a copy of the Title 31 claim she submitted to the FBI for property damage to her residence.

## CONCLUSION

The Court hereby **ADOPTS** the Magistrate Judge's report and recommendation and **GRANTS** the government's Motion to Dismiss Plaintiff's Amended Complaint. The Court will grant Plaintiff leave to file a Second Amended Complaint. Plaintiff's Second Amended Complaint is due within 28 days of the entry of this order. Failure to comply may result in the dismissal of her case without further notice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 3, 2026.